# Exhibit "A"

Affidavit of Dr. Jean Darbouze

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **EARNEST EDWARD REED, JR.** (AIS#111914), | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:05-CV-770-T |
| **DR. JEAN DARBOUZE**, *et al.*, | ) ) ) | |
| Defendants. | | |

### AFFIDAVIT OF DR. JEAN DARBOUZE

STATE OF ALABAMA    )
                                    )
COUNTY OF BARBOUR  )

Before me, the undersigned Notary Public, personally appeared DR. JEAN DARBOUZE who, after being duly sworn, states as follows:

1. My name is Dr. Jean Darbouze. I am over the age of nineteen (19) years, and I have personal knowledge of the information contained in this affidavit.

2. I have been a licensed physician in Alabama since 1996 and have been board certified in internal medicine since 1997. From February of 2000 through February of 2004, and again from April 16, 2004 through the present, I have served as the Medical Director for Easterling Correctional Facility ("Easterling") in Clio Alabama. Since November 3, 2003, my employment as Easterling's Medical Director has been with Prison Health Services, Inc. ("PHS"), the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates.

83396.2

3. On or about December 12, 2003, Earnest Edward Reed, Jr. ("Reed") was transferred to Easterling, and he presently remains incarcerated at the facility.

4. As evident from Reed's medical records, Reed saw Cecilia Cooley, CRNP ("Cooley") on February 4, 2004, for pain from a hernia, inquiring about surgical treatment. The abdominal hernia was a direct result of Reed's having suffered a gunshot wound to the abdomen and having undergone a subsequent surgery in 1987 for treatment of his gunshot wound. As treatment for the hernia, Cooley recommended that Reed be moved to the bottom bunk of his living quarters and refrain from lifting any heavy objects. Cooley further stated that Reed's hernia was "soft, mild tenderness [and] easily reducible."

5. On February 18, 2004, Dr. Victoria W. Anderson ("Dr. Anderson"), who is no longer employed by PHS, stated that Reed should be referred to an outside specialist for consideration of surgical options for treatment of his hernia. After reviewing Dr. Anderson's suggestions for further treatment of Reed's hernia, Dr. Willard W. Mosier, PHS' former State Medical Director, recommended that Reed wear a "truss" (i.e., hernia binder) to support his hernia for a period of time prior to consideration of surgical treatment.

6. Since May 11, 2004, I have seen and evaluated Reed on multiple occasions regarding his abdominal/ventral hernia. He has complained of abdominal pain and has been seeking surgical treatment. However, the hernia is and has remained stable for almost twenty (20) years. I recommended during Reed's May 11, 2004, evaluation that he refrain from any heavy lifting. If Reed ceased lifting heavy weights, much of his pain and discomfort could be prevented. As of this date, Reed has not followed or complied with recommendations in this regard.

7. Since the time I began treating Reed up to the present, Reed has continually complained about his hernia. However, the status and seriousness of Reed's hernia has not worsened or progressed in any way. Reed's hernia is a direct result of the gunshot wound to the abdomen and related surgery which occurred almost twenty (20) years ago. I have used various methods to treat the hernia, including recommendations that Reed: refrain from heavy lifting for six (6) months at a time; be moved to the bottom bunk in his living quarters; not stand for prolonged periods of time; take the anti-acid Zantac to relieve pressure from the abdomen; take Tylenol for any pain; and wear a hernia binder to support his back and abdomen.

8. In my opinion, it is not medically necessary for Reed to undergo surgery to correct the hernia at this time. I believe that it is possible Reed's hernia can be managed without Reed undergoing surgery and the pain and discomfort associated with this type of surgical procedure. Based on both my experience and medical judgment, Reed's present hernia condition is not life-threatening. This hernia has been a chronic, stable problem for almost twenty (20) years, related to his previous, abdominal gunshot wound injury.

9. Based upon my understanding of Reed's medical condition (both past and present) and the treatment he has received as of this date, it is evident that Reed has received timely and appropriate medical care. I have not at any time ignored any request by Reed for medical treatment. I have not deliberately ignored Reed's medical complaints or refused to provide Reed with any necessary medical treatment. I have not taken any action which has caused Reed to experience any unnecessary pain and/or suffering. Throughout the period of time that I have evaluated Reed and his medical complaints and provided treatment for those complaints, and I have provided him with all necessary and appropriate medical treatment.

Further affiant sayeth not.

_____
Dr. Jean Darbouze

SWORN TO and SUBSCRIBED before this the 26 day of September, 2005.

_____
Notary Public

(SEAL)   My Commission Expires: 7-15-07

83396.2

4