# Exhibit "C"

## Affidavit of Kay Wilson

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **EARNEST EDWARD REED, JR.** **(AIS#111914),** | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:05-CV-770-T |
| **DR. JEAN DARBOUZE,** *et al.*, | ) ) ) | |
| Defendants. | | |

### AFFIDAVIT OF KAY WILSON

STATE OF ALABAMA    )
                    )
COUNTY OF BARBOUR   )

Before me, the undersigned Notary Public, personally appeared KAY WILSON who, after being duly sworn, states as follows:

1. My name is Kay Wilson. I am over the age of nineteen (19) years, and I have personal knowledge of the information contained in this affidavit.

2. I am presently employed by Prison Health Services, Inc. ("PHS") as the Health Services Administrator at the Easterling Correctional Facility ("Easterling") in Barbour County, Alabama.

3. On or about December 12, 2003, inmate Earnest Edward Reed, Jr. ("Reed") was transferred from the Kilby Correctional Facility to Easterling. Soon thereafter, Reed began receiving medical treatment from PHS and its employees.

4. On February 4, 2004, Reed was evaluated by Cecilia Cooley, CRNP ("Cooley"), who no longer works for PHS, and began receiving medical treatment related to his abdominal

83590.2

hernia. Reed's medical records indicate his hernia was the direct result of a gunshot wound to the abdomen suffered by Reed some twenty (20) years earlier in 1987. As indicated in his medical records, Reed's hernia remains stable and has been described as "soft, mild tenderness [and] easily reducible." At this same time, Reed was told to refrain from lifting heavy weights and has been continually told to do so by various medical personnel at Easterling since that time.

5. On February 18, 2004, Dr. Victoria W. Anderson ("Dr. Anderson"), who is no longer employed by PHS, evaluated Reed, made note of the abdominal hernia, and requested a surgical referral. After reviewing Dr. Anderson's recommendations, former PHS State Medical Director, Dr. Willard W. Mosier ("Dr. Mosier"), instead recommended that Reed use a truss (i.e hernia binder) to support his abdomen prior to consideration of any surgical options. Since that time, Reed has continually been recommended to wear a hernia binder to support his abdomen and back.

6. On April 15, 2004, Linda Floyd, CRNP ("Floyd") evaluated Reed, specifically concerning Reed's hernia. Floyd also concluded the hernia was a direct result of a gunshot wound suffered by Reed in 1987. Reed also told Floyd his pain got worse "after heavy lifting." At that time, Floyd recommended that Reed avoid heavy lifting and take 600 milligrams of Motrin twice a day for ninety (90) days. Reed was never promised or told that he would see a surgeon or that surgery would actually be performed.

7. After being told not to lift any heavy weights, Reed's medical records indicated that he reported his "hernia [was] getting bigger while lifting weight[s]." However, even at this time, the condition of Reed's hernia was described as "stable" and "uncomplicated" and was not getting any worse.

8. Prior to June 9, 2004, over eighteen (18) months after Reed first arrived at Easterling, Reed filed his first grievance claiming that Dr. Anderson had told him he was to have surgery to repair his hernia. Subsequently, Reed filed grievances on June 14, 2005 and July 1, 2005. I have repeatedly told Reed that the physicians have concluded that surgery is not medically necessary or appropriate at this time to correct any problems Reed is having with the hernia. These physicians have prescribed other forms of treatment for his condition at this time.

9. After personally speaking with Reed and monitoring his medical treatment, it is evident that Reed has been given proper and timely medical treatment of his hernia. As his medical records indicate, Reed's problems, pain and discomfort stem almost exclusively from his disregard of the above mentioned physicians' advice and recommendations to avoid lifting heavy weights. Reed's hernia has existed for almost twenty (20) years and currently is not getting worse.

10. Only when Reed follows the advice provided and/or the treatment prescribed for him by the physician at Easterling will we know whether surgery is an appropriate course of treatment.

Further affiant sayeth not.

_____
Kay Wilson, Health Services Administrator

SWORN TO and SUBSCRIBED before this the 26 day of September, 2005.

_____
Notary Public

(SEAL)     My Commission Expires: 7-15-07