# Exhibit "E"

Heard v. Sheahan

2 of 184 DOCUMENTS

**DELBERT HEARD, Plaintiff-Appellant, v. MICHAEL SHEAHAN, et al., Defendants-Appellees.**

No. 04-3162

**UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT**

*2005 U.S. App. LEXIS 18400*

**August 18, 2005\*, Submitted**

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2).

**August 24, 2005, Decided**

**NOTICE:** [*1] RULES OF THE SEVENTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 98-C-3512. Wayne R. Andersen, Judge. *Heard v. Sheahan, 253 F.3d 316, 2001 U.S. App. LEXIS 12870 (7th Cir. Ill., 2001)*

**DISPOSITION:** AFFIRMED.

**LexisNexis(R) Headnotes**

**COUNSEL:** DELBERT HEARD, Plaintiff - Appellant, Pro se, STATEVILLE CORRECTIONAL CENTER, Joliet, IL, USA.

For MICHAEL F. SHEAHAN, Sheriff, JAMES W. FAIRMAN, JR., Warden, JAMES CAREY, Superintendent, Defendants - Appellees: John F. Curran, OFFICE OF THE COOK COUNTY STATE'S ATTORNEY, Chicago, IL, USA.

**JUDGES:** Before Hon. RICHARD A. POSNER, Circuit Judge, Hon. DIANE P. WOOD, Circuit Judge, Hon. TERENCE T. EVANS, Circuit Judge.

**OPINION:**

### ORDER

Delbert Heard, an Illinois prisoner, filed suit under *42 U.S.C. § 1983*, alleging that Cook County Jail officials were deliberately indifferent to his medical needs by delaying and eventually denying treatment for a hernia. The district court granted summary judgment to the defendants after this court vacated and remanded an earlier dismissal. See *Heard v. Sheahan, 253 F.3d 316 (7th Cir. 2001)*. [*2] We now affirm.

In August 1995, Heard, then a pre-trial detainee, developed a pelvic bulge that caused him pain after eating. In late September 1995, he requested medical treatment. Although he was initially scheduled for medical screening in early October, Heard was not seen by a physician until November. At that time a jail physician concluded that Heard had a hernia and informed him that surgery was necessary but would not be scheduled for at least six months. In the interim,

the doctor provided Heard with a scrotal support device and prescription pain medication -- measures Heard regarded as ineffective, because he had been told that his was an inguinal hernia, not a scrotal hernia.** In December Heard saw another jail physician, who agreed with the first doctor that the hernia required surgery but informed Heard that surgery would not be scheduled for at least nine months. Heard saw a "couple more" doctors but did not have surgery before he was convicted in June 1996 and transferred to the Illinois Department of Corrections ("IDOC"). Once in the custody of IDOC, a prison physician also recommended surgical repair for Heard's hernia, but that recommendation was overruled by IDOC's [*3] Medical Director.

    ** The difference between the two is less than Heard may have thought. An inguinal hernia occurs when part of the intestine bulges through a "weak spot in the inguinal canal, which is a triangle-shaped opening between layers of abdominal muscle near the groin." See National Digestive Diseases Information Clearinghouse (NDDIC) (a service of the National Institute of Diabetes and Digestive and Kidney Diseases), at http://disgestive.niddk.nih.gov/ddiseases/pubs/inguinalhernia/. A scrotal hernia is defined simply as "an inguinal hernia which has descended into the scrotum." Dorland's Illustrated Medical Dictionary, http://www.mercksource.com/pp/us/cns/cns_hl_dorlands.jspzQzpgzEzzSzppdocszSzuszSzcom monzSzdorlandszSzdorlandzSzdmd_h_09zPzhtm.

In April 1998 Heard filed suit, naming as defendants Michael Sheahan, the Cook County Sheriff; James Fairman, Executive Director of Cook County Jail; and James Carey, Cook County Jail Superintendent. After discovery closed, Heard filed for leave to amend [*4] his complaint to add other Cook County defendants, including medical personnel, and to raise a new official policy claim. The district court denied the amendment as untimely and futile and granted summary judgment to the existing defendants. The court reasoned that Heard's disagreement with his course of treatment did not amount to deliberate indifference.

Heard now appeals the district court's grant of summary judgment and denial of his motion for leave to amend. We review a district court's decision to grant summary judgment *de novo*. See *Morfin v. City of East Chicago, 349 F.3d 989, 996 (7th Cir. 2003)*. The *Fourteenth Amendment*, not the Eighth, protects a pre-trial detainee from denial of adequate medical care, but our analysis is practically identical to the *Eighth Amendment* standard of deliberate indifference. *Brown v. Budz, 398 F.3d 904, 910 (7th Cir. 2005)*. To prevail on a deliberate indifference claim, a prisoner must demonstrate that he suffered from an objectively serious medical condition and that the defendants knew of and disregarded his needs. *Gil v. Reed, 381 F.3d 649, 661 (7th Cir. 2004)*.

A hernia can be a serious [*5] medical condition. Indeed, the Mayo Clinic's website reports that "inguinal hernias can lead to life-threatening complications." See MayoClinic.com, "Inguinal hernia," at http://www.mayoclinic.com/invoke.cfm?id=DS00364. Heard, however, presents no evidence that the particular defendants he named in his original complaint knew that the delays they were contemplating in scheduling surgery created a substantial risk of medical harm. See *Greeno v. Daley, 414 F.3d 634, 653 (7th Cir. 2005)*; *Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001)*. Furthermore, jail administrators like the defendants are generally entitled to rely on the judgment of medical professionals, see *Perkins v. Lawson, 312 F.3d 872, 875-76 (7th Cir. 2002)*, because the question of whether or when a particular treatment is warranted is a "classic example of a matter for medical judgment." *Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261 (7th Cir. 1996)* (quoting *Estelle v. Gamble, 429 U.S. 97, 107, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976))*. Because Heard presented no evidence that the named defendants acted with deliberate indifference toward his condition, the district [*6] court properly granted summary judgment.

Finally, Heard had sufficient opportunity during the course of this litigation to add medical personnel as defendants, and thus, we conclude that the district court's denial of his motion for leave to amend because it came too late in the day was not an abuse of discretion. See *Conyers v. Abitz, 2005 U.S. App. LEXIS 15130, 2005 WL 1713392, at *5 (7th Cir. July 25, 2005)*.

AFFIRMED.