IN THE UNITED STATES DIRTCIT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2005 OCT 14 A 9: 44

ERNEST EDWARD REED, JR.,
    AIS # 111914,   plaintiff

VS.                                     CIVIL ACTION NO: 2:05-CV-770-

JEAN DARBOUZE, M.D. &
PRISON HEALTH SERVICES,
    DEFENDANTS, et al.,

### PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIAL REPORT AND ANSWER

COMES NOW, PLAINTIFF, in the above styled cause, Proceeding Pro-Se, and respectfully files this, the Plaintiff's Response to the Defendant's Special Report and Answer.

The Plaintiff DENIES, the Defendant's SPECIAL REPORT AND ANSWER.

In the Defendant's FIRST CLAIM OF DEFENSE, PlINTIFF HAS STATED A CLAIM upon which relief can be Granted, and thus has been requested.

In the Defendant's SECOND OF DEFENSE, that the Plaintiff's claims are barred by the Doctrine of Contributory Negligence, the Plaintiff, disagrees with the Defendant's as to this Claim, as the Defendant's HAVE NOT proven this claim as per F.R.CIV.P., RULE 8(C).

In the Defendant's THIRD CLAIM OF DEFENSE, DOCTRINE OF ASSUMPTION OF RISK, the Plaintiff would aver that the Plaintiff NEVER, DID NOT Voluntarily Expose himself to a Known and Appreciated Danger, and the Defendant's have not proven otherwise.

*wise.*

In the Defendant's FOURTH CLAIM OF DEFENSE, DOCTRINE OF LACHES, Plaintiff DENIES THIS DEFENSE, and furthermore avers to this Honorable Court, that the Defendant's should not be allowed to use or plead this Defense.

As for the Defendant's FIFTH CLAIM OF DEFENSE, STATUTE OF LIMITATIONS, Plaintiff avers to this Honorable Court, that the Plaintiff filed his claims and or actions within the amount of time as perscribed by the law.

As for the Defendant's SIXTH CLAIM OF DEFENSE, DOCTRINE OF WAIVER, Plaintiff avers that he has NEVER Voluntarily and or knowingly Waived any such Right or claim.

As for the Defendant's SEVENTH CLAIM OF DEFENSE, that this HonoraBLE Court LACKS SUBJECT MATTER JURISDICTION to hear and and try this Cause, is totally and completely absurd. This Honorable Court Retains Subject Matter Jurisdiction to both Hear and Try this Cause pursuant to TITLE 42 U.S.C. SECTION 1983.

As for the Defendant's EIGHTH CLAIM OF DEFENSE, IMPROPER VENUE, this Claim is also Absurd. The United States District Court Middle District is the Proper Venue to Hear and Try this Cause, as Earterling Correctional Facility, lies within this Honorable Court's Jurisdiction.

As for the Defendant's NINTH CLAIM of DEFENSE, " LACKS STANDING". The Requirement of Standing is satisfied, if it can be said, that the Plaintiff has a legally protectable and Tangible Interest at stake in the Litigation.
GUIDRY VS. ROBERTS, LA.APP. 331 So.2d. 44,50. STANDING is also a JURISDICTIONAL ISSUE, which concerns the Power of the Federal Courts to Hear and Decide a Case, so this Defense MUST also fail.

- 2 -

As for the Defendant's TENTH CLAIM OF DEFENSE, DOCTRINE OF UNCLEAN HANDS, this Defense MUST also Fail. It IS NOT through any fault of the Plaintiff, that the Plaintiff has had problems with his HERNIA. Once the Plaintiff was advised to discontinue lifting Weights, the Plaintiff did so, immediately.

As for the Defendant's ELEVENTH CLAIM OF DEFENSE, DOCTRINE OF QUALIFIED IMMUNITY, this Defense MUST equally fail, as the Defendant's actions Clearly Violated Established Statutory and or Constitutional Rights of which a Reasonable Person would have/ should have known. LOWE VS. LETSINGER, 772 F.2d. 308.

As for the Defendant's TWELFTH CLAIM OF DEFENSE, DOCTRINE OF SOVEREIGN IMMUNITY, this must fail also, as the Plaintiff has not sued the Goverment, therefore, The Defendant CANNOT be allowed to Claim this Defense.

As for the Defendant's THIRTEENTH CLAIM OF DEFENSE, DOCTINE OF ESTOPPEL, this Defense also must fail, the Plaintiff SHOULD NOT be prevented by his own acts from claiming a right to the detriment of the other party who was entitled to rely on such conduct and thus has acted accordingly.

As for the Defendant's FOURTEENTH CLAIM OF DEFENSE, DOCTRINE OF RE JUDICATA AND/ OR COLLATERAL ESTOPPEL, this Defense MUST also fail, as the Plaintiff avers that this issue HAS NOT been raised by the Plaintiff in any other previous action(s).

As for the Defendant's FIFTEENTH CLAIM OF DEFENSE, FAILURE TO MITIGATE DAMAGES, this also MUST fail, as the Plaintiff HAS NOT/ DID NOT fail to take reasonable Action(s) that would tend to Mitigate the Plaintiff's Injuries. MOTT VS. PERSICHETTI, COLO. APP. 534 P.2d. 823, 825.

As for the Defendant's SIXTEENTH CLAIM OF DEFENSE, this also MUST fail, as the Defendant's Named ARE the proper Defendants to this action.

As to the Defendant's SEVENTEENTH CLAIM OF DEFENSE, this also must fail, because the Defendant's did Breach a Duty owed to the Plaintiff, by not providing the best medical Care and or Treatment possible, as the Defendant's are the Main Medical Provider to and for the Plaintiff, while the Plaintiff is Incarcerated within the A.D.O.C. and housed at Easterling Correctional Facility.

As to the Defendant's EIGHTEENTH CLAIM OF DEFENSE, this also MUST fail, as there was and is a Casual Relationship between the Defendant's actions and the Plaintiff's Injuries and Damages.

As to the Defendant's NINETEENTH CLAIM OF DEFENSE, this also MUST fail as the Defendant's have not stated nor cited any existing superceding, intervening cases.

As to the Defendant's TWENTIETH CLAIM OF DEFENSE, this also MUST fail, as there are unknown damages that the Plaintiff has suffered due to the alleged wrong doings of the Defendant's.

As to the Defendant's TWENTY FIRST CLAIM OF DEFENSE, once again, this Defense must also fail, as the Plaintiff has Exhausted all available remedies, as cited under 42 U.S.C. SECTION 1997 (E) (A) (2005).

As to the Defendant's TWENTY SECOND CLAIM OF DEFENSE, once again this Defense MUST also fail, as the Plaintiff's claims are not Frivolous, nor are they Maliciously filed, and furthermore, the Plaintiff has and does state a claim upon which relief can be granted.

As for the Defendant's TWENTY THIRD CLAIM OF DEFENSE, this once again MUST fail, as a personal physical Injury has been alleged by the Plaintiff in this cause.

As to the Defendant's TWENTY FOURTH CLAIM OF DEFENSE, The Plaintiff would thus aver that the Plaintiff's claim ARE NOT Barred as the Plaintiff alleges that the Defendant's did and have acted with complete and total Deliberate Indifference.

As to the Defendant's TWENTY SIXTH CLAIM OF DEFENSE, this once again MUST fail, because this Honorable Circuit has yet to decide whether a " EXISTING HERNIA" is or is not a Serious Medical Condition.

As for the Defendant's TWENTY SEVENTH CLAIM OF DEFENSE, once again, this Claim MUST also fail as the Plaintiff has not/ is not questioning the quality of the Medical Care given to the Plaintiff the Plaintiff is requesting for an Independant/ Outside Medical Evaluation and or Treatment for this Painful HERNIA. The Plaintiff has not requested any Monetary Damages, just TREATMENT.

As for the Defendant's TWENTY EIGHTH CLAIM OF DEFENSE, Plaintiff does agree with the Defendant's, that this Case " MIGHT" need to be decided and heard and Tried under a Trial by Jury, and that a Trial by Jury might be in the best interest for all paries involved.

As for the Defendant's TWENTY NINTH CLAIM OF DEFENSE, Plaintiff would request ONLY those fees which are asserted in the Complaint, or which are otherwise approved of by this Honorable Court, or by a Jury.

As for the Defendant's THIRTIETH CLAIM OF DEFENSE, Plaintiff would deny that the Defendant's have been or are being Denied Due Process of the Law along with Equal Protection of the Law, and thus, the Plaintiff would Demand strick Proof of this Allegation.

As to the Defendant's THIRTY FIRST CLAIM OF DEFENSE, the Plaintiff makes no comment too.

The Defendant's have made every imaginable Claim of Defense, that they might possibly might be able to come up with, some Defenses, which are so absurd to the Plaintiff's Limited knowledge of the Law, that even the Plaintiff would not try to argue those points.

Yet, it sems, that the Defendant's are shying away from the real issue at Bar, and that is that the Plaintiff has an Aggravated HERNIA, which the Named Defendants told him to stop lifting weights, and take certain types of Treatment for, in the hopes that this Treatment would reduce the Painful Hernia. The Plaintiff did as he was " ORDERED" or " ADVISED" to do. The Plaintiff does sleep on a bottom Bunk, due to this Hernia condition, and the Plaintiff does take the Anti Acid ZANTAC to relieve the pressure from the abdomen, although, the Plaintiff has stated to the Defendant's, that the Plaintiff does not feel that this Anti Acid, is working, yet, the Plaintiff continues to take it anyway. The perscription for TYLENOL has run out, and while the Plaintiff has requested that this Medication be re-Ordered and thus continued, this has yet to be done, and so the Plaintiff has to deal with the every day pain, without being prescribed anything for pain, and the Plaintiff has been given and does wear a Hernia Binder to support his back.

The Plaintiff would aver to this Honorable Court, that while Dr. Anderson, was the First Doctor to recommend that I be given surgery for this Hernia, and she no longer works for or at EASTERLING CORRECTIONAL FACILITY, and that her opinion was overruled by another Doctor, who never even saw the Plaintiff one

- 6 -

time, or even attempted to diagnose the Plaintiff.

The Defendant's have attempted to plead every imaginable Defense, that they can possibly plead, yet, they have NOT addressed the area that is a main concern to the Plaintiff. ALL and the only thing that the Plaintiff is attempting to do is try to get his HERNIA Surgically taken care of.

Defendant's have STOPPED giving the Plaintiff any type of Pain Medication for his Pain, and thus, the Plaintiff has had to deal with the Pain for several weeks now, without any relief, as the Plaintiff is unable to purchase any medicines off of the Commissary because the Plaintiff ONLY recieves in funds from Home once every 10-12 Months.

Qualified Immunity basically protects the Defendant from Burdens associated with Litigation such as Discovery. Qualified Immunity and also Discretionary Authority incluses all actions of an Official that were taken pursuant to the performance of the Defendant's duties and were within the scope of the Defendant's duties. Yet, the Plaintiff would ask this Honorable Court, " WHO DECIDES WHAT THE SCOPE OF THE DEFENDANT'S DUTIES ACTUALLY ARE?" In the case of CRUZ VS. BETO, 405 U.S. 319, 322 (1972), that Honorable Court stated, " That a Complaint should NOT be Dismissed for the failure to state a claim, UNLESS, it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts in support of the Plaintiff's claim(s), which would entitle the Plaintiff to relief."

Furthermore, in the case of, CONLEY VS. GIBSON, 355 U.S. 41, 45-46 (1957), the UNITED STATES SUPREME COURT stated: " That in considering a Motion to Dismiss, a Pro-Se Complaint should be held

to less strict standards, than a Motion drafted by an Attorney."

In the case at Bar, the Plaintiff has had to rely on the assistance from someone who has somewhat more knowledge of the Law than what the Plaintiff does, and then this same person has to rely ONLY on the reponces of the Defendant', as the Plaintiff did not keep nor make a copy of the Original complaint for his own records.

The Plaintiff has not had any opportunity to start his Discovery Process, and would thus request that this Honorable Court refrain from making any decision concerning this case, untill the Plaintiff has had ample time to start and complete his Discovery process, which, the Plaintiff feels, would assist the Plaintiff in proving to this Honorable exactly what his claims are. The Defendant's have not shown any records, nor any medical Records of the Plaintiff, nor have they shown any proof, of just how long this same Defendant has been treating HERNIA'S. Surely, just because this Defendant is a Medical Doctor, does not mean that he has knowledge of this field, NOR has any proof been shown otherwise.

The Defendant's have not shown any Medical Records as to why the First Medical Doctor's Recommendation was Overrode by a Second Doctor.

WHEREFORE, Plaintiff would repecfully request that this Honorable Court allow the Plaintiff to proceed with his Discovery in order that the Plaintiff would thus be able to prove and thus show that his claims are true and correct. Without allowing the Plaintiff to start and complete his Discovery Process, it would thus be very difficult for the Plaintiff to prove his facts.

FURTHERMORE, the Plaintiff would thus request that this Honorable Court notify the Plaintiff of when the Plaintiff will be allowed to start his Discovery Process.

The Plaintiff DOES NOT mean to take up this Honorable Court's valuable time, yet, the Plaintiff has explained his proble to this Honorable Court, and hasalso explained what he would like for the Defendant's to do, in order to correct this problem.

The Defendant's make no mention of the fact that they HAVE NOT renewed the Plaintiff's pain medication, nor have they made any mention of why they stopped it, or why they have not renewed it, when it indeed did run out, yet, this is part of the Treatment that the Defendant's said that they recommended that the Plaintiff take and do. yet, how can the Plaintiff take or do the Treatment, when the Defendant's themselves do not provide the necessary medication(s)???  Yet, the Defendant's say that there is nothing else that they as Defendant's can do for somebody who is incarcerated, because I as a State Prisoner have no right to complain about the type of treatment that I receive.

DATED: OCTOBER 13, 2005.                Respectfully Submitted,

*Earnest E. Reed*
ERNEST EDWARD REED,
AIS # 111914   Dorm 6-B
E.C.F.   200 WALLACE DRIVE
CLIO, ALABAMA   36017

-9-

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of OCTOBER, 2005, that I have placed in the Institutional Mailbox at EASTERLING CORRECTIONAL FACILITY aTrue and Correct copy of the foregoing , with First Class Postage affixed and addressed too:

MR. DAVID B. BLOCK
MR. WILLIAM R. LUNSFORD
ATTORNEY'S AT LAW
BALCH & BINGHAM LLP
POST OFFICE BOX 18668
HUNTSVILLE, ALABAMA   35804-8668

_Earnest E. Reed_
ERNEST EDWARD REED, JR.