IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EARNEST REED,                          )
                                       )
          Plaintiff,                   )
                                       )
v.                                     )      CIVIL ACTION NO.  2:05cv770-CSC
                                       )                    (WO)
JEAN DARBOUZE, *et al* ,               )
                                       )
          Defendants.                  )

**ORDER AND MEMORANDUM OPINION[1]**

In this 42 U.S.C. § 1983 action, the plaintiff, a prison inmate, claims that the

defendants were deliberately indifferent to his serious medical needs in violation of the

Eighth Amendment.  The plaintiff seeks only injunctive relief.  In response to the orders of

the court, the defendants filed a special report and answer as well as a supplemental special

report.  The court then informed the plaintiff that the defendants' special report as

supplemented may, at any time, be treated as a motion for summary judgment, and the court

explained to the plaintiff the proper manner in which to respond to a motion for summary

judgment.  The plaintiff filed a response to the special report but did not file a response to

the supplemental special report.   This case is now before the court for consideration of the

defendants' motion for summary judgment which the court concludes is due to be granted.

Under FED.R.CIV.P. 56(c) summary judgment is proper "if the pleadings, depositions,

---

[1]  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the
United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final
judgment.

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[2]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The movant may meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.  If the movant succeeds in demonstrating the absence of a material issue of fact, the burden shifts to the non-movant to establish, with evidence beyond the pleadings, that a genuine issue material to the non-movant's case exists. *See  Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991);  *see also* FED.R.CIV.P. 56(e).  ("When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere

---

[2]  In *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), the court stated:

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue...Rule 56(e)...requires the nonmoving party to go beyond the pleadings and by...affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate" specific facts showing that there is a genuine issue for trial...We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment...Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere pleadings themselves. . .

*Id.* at 324.

allegations or denials of [his] pleading, but [his] response ... must set forth specific facts showing that there is a genuine issue for trial.").  What is material is determined by the substantive law applicable to the case.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  A dispute of material fact "is 'genuine' ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 248 (1986).  The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, the non-movant must present "affirmative evidence" of material factual conflicts to defeat a properly supported motion for summary judgment.  *Anderson*, 477 U.S. at 257.  If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant.  *See  Holifield v. Reno*, 115 F.3d 1555, 1564 n. 6 (11th Cir.1997); *Harris v. Ostrout,* 65 F.3d 912 (11th Cir. 1995).  However, if there is a conflict in the evidence, the plaintiff's evidence is to be believed and all reasonable inferences must be drawn in his favor."  *Anderson*, 477 U.S. at 255; *Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000).  After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED.R.CIV.P. 56(c).

The plaintiff is an inmate at Easterling Correctional Facility.  The defendants are Jean Darbouze, M.D., and Prison Health Services, Inc. which provided medical services to the Alabama Department of Corrections in 2005.  The plaintiff has a hernia.  He contends that

3

he needs surgery because he has been "in severe pain for months . . . and nothing is being done to correct the problem." (Pl's Compl. at 2). In addition, the plaintiff alleges that the defendants violated his constitutional rights because they refused to let him be examined by a "free world" surgeon. In the plaintiff's response to the defendants' special report, he claimed also that "his prescription for Tylenol has run out, that he requested that this pain medication be re-ordered and continued and . . . no action in this regard has been taken."

To prevail in a suit based on an eighth amendment claim about medical attention, a prisoner must show at a minimum that prison or medical officials have acted with deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Aldridge v. Montgomery*, 753 F.2d 970, 972 (11th Cir. 1985). Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. A prison or medical official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). Under this standard, a prison or medical official does not act with indifference by providing medical care that is different from that which a prison inmate desires. *See Hamm v. De Kalb County*, 774 F.2d 1567 (11th Cir. 1985).

4

No extended discussion of the facts in this case is necessary.  The plaintiff's medical records demonstrate that he has received medical treatment for his hernia on numerous occasions and that he has received pain medication.[3]  The plaintiff is quite correct that he did not get surgery for his hernia, but that fact alone does not establish deliberate indifference. He was provided conservative medical treatment for the hernia.  His mere desire for a different treatment modality does not establish deliberate indifference.  Moreover, the plaintiff has failed to come forward with any evidence showing that the defendants knew that the manner in which they were treating him created a substantial risk to the plaintiff and they disregarded that risk.  In the absence of such a showing by the plaintiff, the defendants are entitled to judgment in their favor which will be entered.  Accordingly, it is

ORDERED that the defendants' motion for summary judgment be and is hereby GRANTED.

A separate final judgment will be entered.

Done this 1st day of March, 2006.


        /s/Charles S. Coody        
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3]  The evidence shows that he did not receive Tylenol in October 2005 but did receive Advil and Percogesic which is a pain medication containing "the same ingredients found in medication Tylenol PM. Based upon my medical judgment, I believed it was in Reed's best interest to receive Percogesic to relieve his discomfort."  (Darbouze Aff. at 5).  In addition, the undisputed evidence shows that when the plaintiff came to sick call with a complaint of pain, he received pain medication.